IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| GAYLE BAKER, DONALD J. BRUNNELLE, JUDITH A. BRUNNELLE, JANE FRASER, BURKE MCCALL HARRISON, VICKI S. HARRISON, JUDITH C. PHILLIPS, ROBERT W. WILLIAMSON, III, and RENEE J. WILLIAMSON,<br><br>      Plaintiffs,<br><br>v.<br><br>MORTGAGE OF AMERICA LENDERS, LLC,<br><br>      Defendant. | CIVIL ACTION NUMBER:<br><br>2:20-cv-00003 |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Defendant MORTGAGE OF AMERICA LENDERS, LLC (hereinafter "Defendant"), and pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and S.D. Ga. L.R. 7.1 submits this its REPLY Brief in Support of its Motion to Dismiss Plaintiffs' Complaint, in support of which it relies upon all pleadings of record, and respectfully shows the following:

**I.     INTRODUCTION AND BACKGROUND**

    **A.     <u>Nature of the Case and Parties</u>**

This is an attempted citizen suit brought under the provisions of the Clean Water Act ("CWA"), 33 U.S.C.A. §§ 1251 *et seq*. Plaintiffs are individuals who live or own property in proximity to the Captains Cove residential development (Doc. 4, ¶¶11-16). Defendant Mortgage of America Lenders LLC is a company which applied for and received authorization to impact jurisdictional waters on St. Simons Island, Georgia, which activity is the subject of this action.

1

### B. Plaintiffs' Allegations

In summary, Plaintiffs complain of (1) discharge from Detention Pond "A" (located within Wetland "C") in violation of the the Clean Water Act Section 402; (2) unauthorized discharge of dredged and fill material in Wetlands "C"; (3) failure to implement the required sediment and erosion controls; and ($) failure to comply with CWA § 401. (Doc. 10, p. 9)

## II. STANDARD ON MOTION TO DISMISS

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled facts alleged in the complaint as true. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). To survive a motion to dismiss, the complaint must include enough facts to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

When faced with a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), it is the plaintiff's burden to prove facts which show jurisdiction exists over its claim. Lee v. United States, 361 F.Supp.3d 1306 (S.D. Ga. 2019).

## III. ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's' allegations are not sufficient to survive Defendant's Motion to Dismiss.

### A. Plaintiffs' assertion that Defendant is discharging from Detention Pond "A" (located within Wetland "C") in violation of the the Clean Water Act Section 402 is not supported by the record.

Defendant's approved Stormwater Management Report last revised August 14, 2017, indicates Detention Pond A is "significantly oversized" and will contain the 100-year storm event, (Doc. 4-3, p. 10), a fact recognized by Plaintiffs in their Complaint (Doc. 4, ¶5). Plaintiffs assert, without support, that upon "information and belief, the water level in Detention Pond A is routinely

over the toper of its outlet structure…" (Doc 4, ¶6). Plaintiffs unsupported assertion is pure conjecture and is not sufficient to support even an inference that the detention pond does not operate as planned. As such, Plaintiffs have not carried their burden in the face of a motion to dismiss.

> **B. Plaintiffs assertion that Defendant failed to comply with CWA § 301 and 404 by filing more than the 0.442 acres wetlands is the subject of the EPA enforcement action and Plaintiffs are barred from brining a citizen's suit on the same issue.**

In Count Two of their Complaint, Plaintiffs assert that Defendant failed to comply with CWA § 301 and 404 by placing unauthorized fill in Wetland C. (Doc. 4, ¶¶111-112). However, the U.S. Environmental Protection Agency is pursuing an enforcement action against Defendant for "unauthorized discharges of dredged and/or fill material into waters of the United States … [which has] impacted approximately 0.25 acres of wetlands." (Doc. 4-7, p. 2, 4 ). In its January 25, 2019 letter, the U.S. Army Corps of Engineers identifies the location of the unauthorized fill as being in Wetland C. (Doc. 4-21, p. 2-3).[1] Since the documentation contained in Plaintiffs' Complaint is sufficient to demonstrate the U.E. Environmental Protection Agency is diligently pursuing an enforcement action against Defendant, Plaintiffs lack standing and the Court must grant Defendant's Motion to Dismiss.[2]

---

[1] See ¶16 of the proposed CAFO alleging the unauthorized fill occurred at the same time as referenced in the Corps January 25, 2019 letter. Further, there exists a series of correspondence between the Defendant and the U.S. Army Corps of Engineers that identifies, by survey, the location and amount (0.23 acres) of the unauthorized fill, which Plaintiffs elected to omit from its Complaint.

[2] When government enforcement action "begins and is diligently prosecuted, the need for citizen's suits vanishes." North and South Rivers Watershed Ass'n, Inc. v. Town of Scituate, 949 F.2d 552, 556 (1st Cir.1991).

3

    **C. Plaintiffs' assertion that Defendant failed to implement the required sediment and erosion controls cannot support a citizen's suit because the alleged violation occurs in the past and has been corrected.**

Plaintiffs refer the Court to numerous attachments citing deficiencies in the implementation of BMPs (Doc 4, ¶¶ 80 to 86), but all of these occur in the past, and there is nothing in the Complaint that would allow a court to infer a continuing violation. Without a continuing violation, Plaintiffs' are without standing to bring a citizen's suit on this issue and Defendant's Motion to Dismiss must be granted. See Gwaltney of Smithfield v. Chesapeake Bay Found. Inc., 484 U.S. 49 (1987).

    **D. Plaintiffs assert that Defendant failed to comply with CWA § 401 by filing more than the 0.442 acres wetlands is the subject of the EPA enforcement action and Plaintiffs are barred from brining a citizen's suit on the same issues.**

In Count Four of their Complaint, Plaintiffs assert that Defendant failed to comply with CWA § 401 by filing more than the 0.442 acres wetlands. (Doc. 4, ¶125). EPA is pursuing an enforcement action against Defendant for "unauthorized discharges of dredged and/or fill material into waters of the United States … [which has] impacted approximately 0.25 acres of wetlands." (Doc. 4-7, p. 2, 4 ). In its January 25, 2019 letter, the U.S. Army Corps of Engineers identifies the location of the unauthorized fill as being in Wetland C. (Doc. 4-21, p. 2-3).[3] Since the documentation contained in Plaintiffs' Complaint is sufficient to demonstrate the U.E.

---

[3] See ¶16 of the proposed CAFO alleging the unauthorized fill occurred at the same time as referenced in the Corps January 25, 2019 letter. Further, there exists a series of correspondence between the Defendant and the U.S. Army Corps of Engineers that identifies, by survey, the location and amount (0.23 acres) of the unauthorized fill, which Plaintiffs elected to omit from its Complaint.

Environmental Protection Agency is diligently pursuing an enforcement action against Defendant, Plaintiffs lack standing and the Court must grant Defendant's Motion to Dismiss.

### E. Plaintiffs lack standing to sue because they fail to plead an "injury in fact."

To demonstrate standing, Plaintiffs must show (1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; *and* (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Environmental Servs., 528 U.S. 167, 180–81 (2000). Further, as noted by Plaintiffs, plaintiffs adequately allege injury in facts when they aver that they use the affected area…" (emphasis added) Id. at 80. Here, the unauthorized fill is in a wholly contained on Defendant's property and which does not discharge stormwater.[4] (Doc. 4-3, p. 10). As such there can be no injury and Court should dismiss this action for lack of standing.

## IV.   CONCLUSION

This purported "citizen suit" should be dismissed pursuant to Rule 12(b)(1) and 12(b)(6) because (1) Plaintiffs have not supplied anything to support an inference stormwater is being discharged from Wetland C, (2) there is an active enforcement action being pursued by the U.S. Environmental Protection Division; (3) Plaintiffs have not supplied anything to support an inference the past alleged erosion and sedimentation control violation are ongoing, and (4) Plaintiffs have not pled an injury in fact sufficient to create standing. For all these reasons, Defendant respectfully requests that its Motion to Dismiss be GRANTED, that each and every

---

[4] To survive a motion to dismiss, the complaint must include enough facts to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

5

claim asserted against it in Plaintiffs' Complaint be dismissed, that Plaintiffs take nothing, and that Defendant be awarded its costs incurred in this action.

Respectfully submitted this <u>6th</u> day of March, 2020.

HALL BOOTH SMITH, P.C.

*/s/Charles A. Dorminy*
CHARLES A. DORMINY
Georgia Bar No. 001315
DARGAN SCOTT COLE, SR.
Georgia Bar No. 176524
*Attorneys for Mortgage of America Lenders, LLC*

3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
(912) 554-0093 – Phone
(912) 554-1973 – Fax
cdorminy@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | |
|---|---|
| GAYLE BAKER, DONALD J. BRUNNELLE, JUDITH A. BRUNNELLE, JANE FRASER, BURKE MCCALL HARRISON, VICKI S. HARRISON, JUDITH C. PHILLIPS, ROBERT W. WILLIAMSON, III, and RENEE J. WILLIAMSON,<br><br>      Plaintiffs,<br><br>v.<br><br>MORTGAGE OF AMERICA LENDERS, LLC,<br><br>      Defendant. | CIVIL ACTION NUMBER:<br><br>**CE19-00671** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following counsel of record in this case in accordance with true and correct copies of the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** via electronic delivery addressed as follows:

E. Righton J. Lewis, Esq.
BUTLER SNOW LLP
1170 Peachtree Street NE, Suite 1900
Atlanta, Georgia 30309
*Attorney for Plaintiffs*

[*SIGNATURE APPEARS ON THE FOLLOWING PAGE*]

This <u>6th</u> day of March, 2020.

                                                HALL BOOTH SMITH, P.C.

                                                */s/ Charles A. Dorminy*
                                                CHARLES A. DORMINY
                                                Georgia Bar No. 001315

3528 Darien Highway, Suite 300        DARGAN SCOTT COLE, SR.
Brunswick, Georgia 31525              Georgia Bar No. 176524
(912) 554-0093 – Phone                *Attorneys for Mortgage of America Lenders, LLC*
(912) 554-1973 – Fax
cdorminy@hallboothsmith.com