# Exhibit E

**PUBLIC NOTICE**
**U. S. ENVIRONMENTAL PROTECTION AGENCY, REGION 4**
**ENFORCEMENT and COMPLIANCE ASSURANCE DIVISION**
**WATER POTECTION BRANCH**
**ATLANTA FEDERAL CENTER**
**61 FORSYTH STREET, S.W.**
**ATLANTA, GEORGIA  30303**

**DATE:** October 11, 2019                    **PUBLIC NOTICE No:** CWA-04-2019-9970(b)

**Notice of Proposed Issuance of**
**Consent Agreement and Final Order**

The U.S. Environmental Protection Agency (EPA), Region 4, proposes to issue a Consent Agreement and Final Order (CAFO), Docket No. CWA-04-2019-9970(b), that assesses an administrative penalty of $20,000 to Mortage Lenders of America, LLC (Respondent), under the authority of Section 309(g)(2)(A) of the Clean Water Act (CWA), 33 U.S.C. § 1319(g)(2)(A).

EPA alleges the Respondent has made unauthorized discharges of dredged and/or fill material into waters of the United States in violation of Section 301 of the Clean Water Act, 33 U.S.C. Section 1311. The Respondent's unauthorized activity impacted approximately 0.25 acres of wetlands adjacent (as defined at 33 CFR 328.3(c) and 33 CFR 328.3(a)(7)) to the Frederica River and Village Creek both TNWs since they are subject to the ebb and flow of the tide. The unauthorized activity is located on St. Simons Island, Glynn County, Georgia, at latitude 31.214984° N and longitude -81.372104° W

Any person wishing to comment on any aspect of the proposed CAFO Docket No. CWA-04-2019-9970(b) must submit such comments in writing to the Regional Hearing Clerk at U.S. EPA, Atlanta Federal Center, 61 Forsyth Street, S.W., Atlanta, Georgia, 30303. Comments must be submitted within 30 days of the date of this notice. Please include the Public Notice Number and the Docket Number with any submitted comments.

More information about this enforcement action can be found on the EPA Region 4 Website at: http://www.epa.gov/region4/water/wpeb/npdes_states.html.

Because this matters involves a CWA Section 309(g) proceeding that is proposed to be simultaneously commenced and settled under 40 C.F.R. § 22.13(b), this matter will not be resolved or settled until ten days after the close of the public comment period in accordance with 40 C.F.R. § 22.45 (b) and (c).

**FOR FURTHER INFORMATION:**  Persons wishing to receive a copy of the *Consolidated Rules of Practice Governing the Administrative Assessment of Civil Penalties and the Revocation/Termination or Suspension of Permits*, 40 C.F.R. Part 22, which apply to this matter, or comment upon the proposed penalty assessment, should contact the Regional Hearing Clerk identified above.  Unless otherwise noted, the public record for this action is located in the EPA Regional Office at 61 Forsyth Street, S.W., Atlanta, Georgia, and the file will be open for public inspection between 9:00 a.m. and 4:00 p.m., Monday through Friday.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
REGION 4

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | **ADMINISTRATIVE** |
| **MORTGAGE LENDERS** | ) | **CONSENT AGREEMENT AND** |
| **OF AMERICA, LLC,** | ) | **FINAL ORDER** |
| | ) | |
| **ST SIMONS ISLAND, GEORGIA,** | ) | |
| | ) | |
| **RESPONDENT.** | ) | Docket No.: CWA-04-2019-9970(b) |

## CONSENT AGREEMENT

### I.   Statutory Authority

1.      This is a civil penalty proceeding under Section 309(g)(2)(A) of the Clean Water Act (CWA), 33 U.S.C. § 1319(g)(2)(A), and the *Consolidated Rules of Practice Governing the Administrative Assessment of Civil Penalties, Issuance of Compliance or Corrective Action Orders and the Revocation, Termination or Suspension of Permits*, published at 64 Fed. Reg. 40176 (July 23, 1999), codified at 40 Code of Federal Regulations (C.F.R.) Part 22 (Part 22).

2.      The authority to take action under Section 309(g)(1) of the CWA, 33 U.S.C. § 1319(g)(1), is vested in the Administrator of the United States Environmental Protection Agency (EPA). The Administrator has delegated this authority to the Regional Administrator of the EPA, Region 4, who in turn has delegated this authority to and through the Director of the Enforcement and Compliance Assurance Division of the EPA, Region 4, to the Chief of the Water Enforcement Branch of the EPA, Region 4 (Complainant).

### II.   Statutory and Regulatory Background

3.      Section 309(g)(1) of the CWA, 33 U.S.C. § 1319(g)(1), states "[w]henever, on the basis of any information available - the Administrator finds that any person has violated [section 301 of the CWA, 33 U.S.C. § 1311], . . . the Administrator . . . may, after consultation with the State in which the violation occurs, assess a class I civil penalty or a class II civil penalty under [33 U.S.C. § 1319(g)(2)]."

4.      Section 301(a) of the CWA, 33 U.S.C. § 1311(a), states "[e]xcept as in compliance with . . . [Section 404 of the CWA, 33 U.S.C. § 1314], the discharge of any [dredged or fill material] by any person shall be unlawful." Section 404 of the CWA, 33 U.S.C. § 1344, authorizes the Secretary of the Army, acting through the Chief of Engineers, U.S. Army Corps of Engineers (COE), to issue permits for the discharge of dredged or fill material into navigable waters.

5.      Section 502(5) of the CWA, 33 U.S.C. § 1362(5), defines a "person" to include any "individual [and] corporation."

6.      Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines a "discharge of pollutants" as "[a]ny addition of any pollutant to navigable waters from any point source...."

7.      Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines "point source" as "[a]ny discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit [or] discrete fissure . . . from which pollutants are or may be discharged."

8.      Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines "navigable waters" as "[t]he waters of the United States, including the territorial seas."

9.      Federal regulations at 40 C.F.R. Part 232.2 define the term "waters of the United States" to include "wetlands," including those that are adjacent to interstate waters.

10.     Federal regulations at 40 C.F.R. Part 232.2 and 33 C.F.R. Part 328.3(b) define "wetlands" as "[t]hose areas that are inundated or saturated by surface or groundwater at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

### III.   Allegations

11.     The term "Discharge Area" means the waters of the United States that have been impacted through the discharge of dredged and/or fill material as a result of the unauthorized activities that are the subject of this enforcement action. More specifically, the Discharge Area is approximately 0.25 acres of wetlands impacted by the Respondent.

12.     The term "Site" means the parcel or parcels of land on which the Discharge Area is located. The Site is located on St. Simons Island, Glynn County, Georgia, at latitude 31.214984° N and longitude -81.372104° W (*See* Exhibits A and B, attached hereto).

13.     Mortgage Lenders of America, LLC (Respondent), at all times relevant to this Consent Agreement and Final Order, was the operator of the Site.

14.     Mortgage Lenders of America, LLC, is a corporation duly organized under the laws of the State of Georgia and, as such, is a person within the definition set forth by Section 502(5) of the CWA, 33 U.S.C. § 1362(5).

15.     The 0.25 acres of wetlands in the Discharge Area is a water of the United States subject to the jurisdiction of the CWA because it is adjacent (as defined at 33 C.F.R. Part 328.3(c) and 33 C.F.R. Part 328.3(a)(7)) to the Frederica River and Village Creek, which are both TNWs since they are subject to the ebb and flow of the tide.

16.     Commencing on or about December 2018 to the present, the Respondent, or those acting on behalf of the Respondent, discharged dredged and/or fill material into waters of the United States on the Site using earth moving machinery during activities associated with the construction of a residential development. To date, the unauthorized dredge and/or fill material remains in waters of the United States.

17.     The discharged dredged and/or fill material, including earthen material, deposited at the Discharge Area, are "pollutants" as defined by Section 502(6) of the CWA, 33 U.S.C. § 1362(6).

18.     The earth moving machinery employed by the Respondent to deposit the dredged and/or fill material at the Discharge Area is a "point source" as defined by Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

19.     The Respondent's placement of the dredged and/or fill material at the Discharge Area constitutes a "discharge of pollutants" as defined by Section 502(12) of the CWA, 33 U.S.C. § 1362(12).

20.     At no time during the discharge of dredged and/or fill material at the Discharge Area from December 2018 until the present, did the Respondent possess a permit under Section 404 of the CWA, 33 U.S.C. § 1344, authorizing the activities he performed.

21.     Each discharge by the Respondent of pollutants into waters of the United States without the required permit issued by Section 404 of the CWA, 33 U.S.C. § 1344, is a violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

22.     Each day the material discharged by the Respondent remains in waters of the United States without the required permit by Section 404 of the CWA, 33 U.S.C. § 1344, constitutes a day of violation of Section 301 of the CWA, 33 U.S.C. § 1311.

## IV.   Stipulations and Findings

23.     The Complainant and the Respondent has conferred for the purpose of settlement under 40 C.F.R. Part 22.18 and desire to resolve this matter and settle the allegations described herein without a formal hearing. Therefore, without gathering any evidence or testimony, making of any argument, or adjudicating any issue in this matter, and in accordance with 40 C.F.R. Part 22.13(b), this Administrative Consent Agreement and Final Order (CAFO) will simultaneously commence and conclude this matter.

24.     For the purposes of this CAFO, the Respondent admits the jurisdictional and factual allegations set out above.

25.     The Respondent hereby waives its right to contest the allegations set out above and its right to appeal the Final Order accompanying this Consent Agreement.

26.     The Respondent consents to the assessment of and agrees to pay the administrative penalty and the other conditions set forth in this CAFO.

27.     By signing this CAFO, the Respondent certifies that the information it has supplied concerning this matter was at the time of submission, and continues to be, truthful, accurate, and complete for each such submission, response and statement. The Respondent realizes that there are significant penalties for submitting false or misleading information, including the possibility of fines and/or imprisonment for knowing submission of such information.

28.     The EPA reserves the right to assess and collect any and all civil penalties for any violation described in this CAFO to the extent that any information or certification provided by the Respondent was materially false or inaccurate at the time such information or certification was provided to the EPA.

29.     The Complainant and the Respondent agree to settle this matter by their execution of this CAFO.  The parties agree that the settlement of this matter is in the public interest and that this CAFO is consistent with the applicable requirements of the CWA.

## V.     **Payment**

30.     Under Section 309(g)(2)(A) of the CWA, 33 U.S.C. § 1319(g)(2)(A), and 40 C.F.R. Part 19, and considering the nature of the violations and other relevant factors, the EPA has determined that **twenty thousand dollars ($20,000)** is an appropriate civil penalty to settle this action. The Respondent shall submit this payment within thirty (30) days after the Effective Date of the CAFO.

31.     The Respondent shall make the payment specified in the preceding paragraph by cashier's check, certified check, by electronic funds transfer (EFT), or by Automated Clearing House (ACH) (also known as REX or remittance express). If paying by check, the check shall be payable to: Treasurer, United States of America, and the Site name and docket number for this matter shall be referenced on the face of the check. If the Respondent sends payment by the U.S. Postal Service, the payment shall be addressed to:

> U.S. Environmental Protection Agency
> Fines and Penalties
> Cincinnati Finance Center
> P.O. Box 979077
> St. Louis, Missouri 63197-9000

If the Respondent sends payment by non-U.S. Postal express mail delivery, the payment shall be sent to:

> U.S. Bank
> Government Lockbox 979077
> U.S. EPA Fines & Penalties
> 1005 Convention Plaza
> SL-MO-C2-GL
> St. Louis, Missouri 63101
> (314) 425-1818

If paying by EFT, the Respondent shall transfer the payment to:

> Federal Reserve Bank of New York
> ABA: 021030004
> Account Number: 68010727
> SWIFT address: FRNYUS33
> 33 Liberty Street

New York, New York 10045
Field Tag 4200 of the Fedwire message should read:
"D 68010727 Environmental Protection Agency"

If paying by ACH, the Respondent shall remit payment to:

US Treasury REX / Cashlink ACH Receiver
ABA: 051036706
Account Number: 310006, Environmental Protection Agency
CTX Format Transaction Code 22 – checking
Physical location of US Treasury facility:
5700 Rivertech Court
Riverdale, Maryland 20737
Contact: Craig Steffen, (513) 487-2091
REX (Remittance Express): 1-866-234-5681

32.     At the time of payment, the Respondent shall send a separate copy of the check, if using that payment option, and a written statement that payment has been made in accordance with this CAFO, to the following persons at the following addresses:

Regional Hearing Clerk
U.S. Environmental Protection Agency - Region 4
Atlanta Federal Center
61 Forsyth Street, S.W.
Atlanta, Georgia 30303-8960

and

Mr. Joel Strange
Water Enforcement Branch
Surface Water and Groundwater Section
U.S. Environmental Protection Agency, Region 4
Atlanta Federal Center
61 Forsyth Street, S.W.
Atlanta, Georgia 30303-8960

33.     Civil penalty payments under this CAFO are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), or of 26 C.F.R. Parts 1.162-21 and are not tax-deductible expenditures for purposes of federal law.

34.     Under Section 309(g)(9) of the CWA, 33 U.S.C. § 1319(g)(9), failure by the Respondent to pay the penalty assessed by the CAFO in full by its due date may subject the Respondent to a civil action to collect the assessed penalty plus interest (at currently prevailing rates from the effective date of this CAFO), attorney's fees, costs for collection proceedings and a quarterly nonpayment penalty for each quarter during which such failure to pay persists. Such nonpayment penalty shall be in an amount equal to twenty percent (20%) of the aggregate amount of such penalty and nonpayment penalty which are unpaid as of the beginning of such

quarter. In any such collection action, the validity, amount and appropriateness of the penalty and of this CAFO shall not be subject to review.

## VI.   General Provisions

35.    This CAFO shall not relieve the Respondent of its obligation to comply with all applicable provisions of federal, state, or local law, nor shall it be construed to be a ruling on, or determination of, any issue related to any federal, state, or local permit. Other than as expressed herein, compliance with this CAFO shall not be a defense to any actions subsequently commenced under federal laws and regulations administered by the EPA.

36.    Nothing in this CAFO shall be construed as prohibiting, altering, or in any way limiting the ability of United States to seek any other remedies or sanctions available by virtue of the Respondent's violation of this CAFO or of the statutes and regulations upon which this agreement is based, or for the Respondent's violation of any federal or state statute, regulation or permit.

37.    Except as otherwise set forth in this document, this CAFO constitutes a settlement by the Complainant and the Respondent of all claims for civil penalties under the CWA with respect to only those violations alleged in this CAFO. Except as otherwise set forth in this document, compliance with this CAFO shall resolve the allegations of violations contained in this CAFO. Nothing in this CAFO is intended to nor shall be construed to operate in any way to resolve any criminal liability of the Respondent, or other liability resulting from violations that were not alleged in this CAFO. Other than as expressed in this document, the Complainant does not waive any right to bring an enforcement action against the Respondent for violation of any federal or state statute, regulation or permit, to initiate an action for imminent and substantial endangerment, or to pursue criminal enforcement.

38.    Each undersigned representative of the parties to this CAFO certifies that he or she is fully authorized to enter into the terms and conditions of this CAFO and to execute and legally bind that party to it.

39.    This CAFO applies to and is binding upon the Respondent and any officers, directors, employees, agents, successors and assigns of the Respondent.

40.    Any change in the legal status of the Respondent, or change in ownership, partnership, corporate or legal status relating to the Site, will not in any way alter the Respondent's obligations and responsibilities under this CAFO.

41.    Each party shall bear its own costs and attorneys' fees in connection with the action resolved by this CAFO.

42.    In accordance with 40 C.F.R. Part 22.5, the individuals below are authorized to receive service relating to this proceeding.

For the Complainant:

Mr. Stephen Smith
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 4
Atlanta Federal Center
61 Forsyth Street, S.W.
Atlanta, Georgia 30303
(404) 562-9554

For the Respondent:

Mr. Ron Sluder
Mortgage Lenders of America, LLC
230 West Bay St
Jesup, Georgia 31545

43.    The parties acknowledge and agree that this CAFO is subject to the requirements of 40 C.F.R. Part 22.45(c)(4), which provides a right to petition to set aside a consent agreement and proposed final order based on comments received during the public comment period.

44.    Pursuant to Section 309(g) of the CWA, 33 U.S.C. § 1319(g), and 40 C.F.R. Part 22.38(b), the Complainant represents that the State of Georgia was provided a prior opportunity to consult with the Complainant regarding this matter.

45.    This CAFO in no way affects the rights of the Complainant as against any person or entity not a party to this CAFO.

46.    Effective upon signature of this CAFO by the Respondent, the Respondent agrees that the time period commencing on the date of its signature and ending on the date the EPA receives from the Respondent the payment required by this CAFO shall not be included in computing the running of any statute of limitations potentially applicable to any action brought by the EPA related to the matters addressed in this CAFO and that, in any action brought by the EPA related to the matters addressed, the Respondent will not assert, and may not maintain, any defense or claim based upon principles of statute of limitations, waiver, laches, estoppel, or other defense based on the passage of time during such period. If the EPA gives notice to the Respondent that it will not make this CAFO effective, the statute of limitations shall begin to run again commencing ninety (90) days after the date such notice is sent by the EPA.

## VII.    Release by Respondent

47.    The Respondent hereby covenants not to sue and agrees not to assert any claims or causes of action against the United States, including any department, agency or instrumentality of the United States, with respect to the matters addressed and resolved in this CAFO, including but not limited to, any claim that any of the matters or actions described in this CAFO have resulted in a taking of the Respondent's property without compensation.

## VIII.   <u>Effective Date</u>

    48.    The effective date of this CAFO shall be the date on which the CAFO is filed with the Regional Hearing Clerk.

**AGREED AND CONSENTED TO:**

For RESPONDENT: MORTGAGE LENDERS OF AMERICA, LLC:

Date: 9-30-19

Ron Sluder

For COMPLAINANT, U.S. ENVIRONMENTAL PROTECTION AGENCY, REGION 4:

Date: _____

Mary Jo Bragan, Chief
Water Enforcement Branch
Enforcement and Compliance Assistance Division

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
**REGION 4**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | **ADMINISTRATIVE** |
| **MORTGAGE LENDERS** | ) | **CONSENT AGREEMENT AND** |
| **OF AMERICA, LLC** | ) | **FINAL PENALTY ORDER** |
| | ) | |
| **ST SIMONS ISLAND, GEORGIA** | ) | |
| | ) | |
| **RESPONDENT** | ) | **Docket No.: CWA-04-2019-9970(b)** |
| | ) | |

## FINAL ORDER

In accordance with the *Consolidated Rules of Practice Governing the Administrative Assessment of Civil Penalties, Issuance of Compliance or Corrective Action Orders and the Revocation, Termination or Suspension of Permits,* 40 C.F.R. Part 22, and authorities delegated to me, the forgoing Consent Agreement is hereby approved and incorporated by reference into this Final Order.  Under Section 309(g)(2)(A) of the CWA, 33 U.S.C. § 1319(g)(2)(A), the Respondent is hereby ordered to comply with the terms of the foregoing Consent Agreement.

U.S. ENVIRONMENTAL PROTECTION AGENCY:

_____          Date: _____
Tanya Floyd
Regional Judicial Officer

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing Consent Agreement and Final Order in the matter of: **Docket No. CWA-04-2019-9970(b)** on the parties listed below in the manner indicated:

EPA Internal Mail:

    Mr. Joel Strange
    Water Enforcement Branch
    Surface Water and Groundwater Section
    U.S. Environmental Protection Agency, Region 4
    Atlanta Federal Center
    61 Forsyth Street, S.W.
    Atlanta, Georgia 30303

By hand-delivery:

    Mr. Stephen Smith
    Office of Regional Counsel
    U.S. Environmental Protection Agency, Region 4
    Atlanta Federal Center
    61 Forsyth Street, S.W.
    Atlanta, Georgia 30303

By Certified mail,
return receipt requested:

    Mr. Ron Sluder
    Mortgage Lenders of America, LLC
    230 West Bay St
    Jesup, Georgia 31545

Dated: _____

    _____
    Patricia Bullock
    Regional Hearing Clerk
    U.S. Environmental Protection Agency, Region 4
    Atlanta Federal Center
    61 Forsyth Street, S.W.
    Atlanta, Georgia 30303
    (404) 562-9511



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
REGION 4
ATLANTA FEDERAL CENTER
61 FORSYTH STREET
ATLANTA, GEORGIA 30303-8960

SEP 2 4 2019

CERTIFIED MAIL   7018 2290 0000 6353 9182
RETURN RECEIPT REQUESTED

Mr. Ron Sluder
Mortgage Lenders of America, LLC
230 West Bay Street
Jesup, Georgia 31545

Re:  Proposed Consent Agreement and Final Order Docket No. CWA-04-2019-9970(b)

Dear Mr. Sluder:

Enclosed please find the Proposed Consent Agreement and Final Order (CAFO), Docket No. CWA-04-2019-9970(b), which the U.S. Environmental Protection Agency Region 4 is preparing to enter with you. If you agree with the terms of this CAFO, please sign and return it to Mr. Joel Strange at the address below within 10 days of your receipt of this letter:

> Mr. Joel Strange
> Surface Water and Groundwater Section
> Water Enforcement Branch
> U.S. Environmental Protection Agency Region 4
> Atlanta Federal Center
> 61 Forsyth Street, S.W.
> Atlanta, Georgia 30303-8960

After receiving the signed CAFO, the EPA must place it on public notice in accordance with 40 Code of Federal Regulations Part 22. The public notice will be on the EPA website at the following address: https://www.epa.gov/aboutepa/about-epa-region-4-southeast#r4-public-notices. The CAFO will become effective upon the date filed with the Regional Hearing Clerk and a copy will be mailed to you.

In the event you do not agree to the terms of the enclosed CAFO, and if we are unable to reach mutual agreement on the terms thereof, the EPA shall proceed with its outstanding enforcement action against you. If you have any further comments or questions regarding this matter, please contact Mr. Strange of my staff at (404) 562-9455 or if you are represented by an attorney, they may contact Mr. Stephen Smith, Office of Regional Counsel at (404) 562-9554.

Sincerely,

Mary Jo Bragan, Chief
Water Enforcement Branch
Enforcement and Compliance Assurance Division

Enclosures

# Exhibit A





**Mortgage Lenders of America
St. Simons Island
Glynn County, Georgia**





# Exhibit B





**Mortgage Lenders of America**
**St. Simons Island**
**Glynn County, Georgia**



N



| 0 | 17,500 | 35,000 | 70,000 Feet |