
FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 2:18 pm, Jan 08, 2021

# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| GAYLE BAKER; DONALD J. BRUNELLE; JUDITH A. BRUNELLE; JANE FRASER; BURKE MCCALL HARRISON; VICKI S. HARRISON; JUDITH C. PHILLIPS; RENEE J. WILLIAMSON; and ROBERT W. WILLIAMSON, III,<br><br>    Plaintiffs,<br><br>    v.<br><br>MORTGAGE OF AMERICA LENDERS, LLC,<br><br>    Defendant. | 2:20-CV-3 |

**ORDER**

This case is before the Court on Defendant Mortgage of America Lenders, LLC's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Dkt. No. 30.  Plaintiffs are attempting to bring a citizen suit under the provisions of the Clean Water Act ("CWA"), 33 U.S.C. § 1365(a), as a result of damages they allegedly incurred from Defendant's residential development of Captain's Cove on St. Simons Island, Georgia.  Dkt. No. 28.  The CWA permits "any citizen [to] commence a civil action on his own behalf against any person . . . who is alleged to be in violation of (A) an effluent standard or limitation under [the CWA] or (B)

an order issued by the Administrator or a State with respect to such a standard or limitation." § 1365(a)(1). Plaintiffs seek both injunctive and declaratory relief, as well as damages. Id.

## LEGAL AUTHORITY

In their briefs, the Parties focus on the jurisdictional issue of whether Plaintiffs have standing to bring this suit. "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Id. (citation and quotations omitted). District courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir.1999). "Standing is a doctrine that 'stems directly from Article III's "case or controversy" requirement,' and thus it 'implicates our subject matter jurisdiction.'" Bochese, 405 F.3d at 974 (quoting Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1242 (11th Cir.2003)). "[A]s with any jurisdictional requisite, we are powerless to hear a case when it is lacking." Id. "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." Id. at 974-75. "[A] court should inquire into whether

2

it has subject matter jurisdiction at the earliest possible stage in the proceedings." Id. at 975.

Plaintiffs' amended complaint and attachments thereto allege Defendant engaged in, and continues to engage in, unlawful activities under the CWA, resulting in environmental harm to the surrounding areas. Some of the documents attached to the amended complaint reference action taken by the Environmental Protection Agency ("EPA") against Defendant for, it appears, the very action about which Plaintiffs complain in their amended complaint. Whether the EPA's involvement has concluded or is continuing is unclear. After analyzing the amended complaint and the Parties' briefs, the Court is unable to ascertain, without further information, whether the EPA's action against Defendant precludes Plaintiffs' civil suit pursuant to subsection 1365(b)(1)(B) of the CWA. That section provides that no suit may be brought under § 1365(a) "if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order . . . ." 33 U.S.C. § 1365(b)(1)(B). The Court is also unable to ascertain, without further information, whether Plaintiffs, personally and individually, indeed suffered injury as a result of Defendant's actions.

"It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to

3

the court." Jones v. Auto. Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1531–32 (11th Cir. 1990). Because the Court needs further information outside of the amended complaint to determine Plaintiffs' standing to bring this suit, the Court uses its discretion to convert Defendant's motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).

When a district court converts a motion to dismiss into a motion for summary judgment, it must comply with the requirements of Rule 56 by notifying the parties of the conversion and providing *at least* 10 days for the parties to supplement the record accordingly. Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002). Here, the Court will go a step further. The Parties are **ORDERED**, within **thirty (30) days** from today's date, to engage in discovery limited to the issue of Plaintiffs' standing. All other discovery and pretrial deadlines will be **STAYED** during this time. Defendant shall have **sixty (60) days** from today's date to file any supplemental evidence and briefing relating to Plaintiffs' standing. Plaintiffs shall have **fourteen (14) days** after the supplemental briefs are filed to respond.

Plaintiffs are advised that they cannot carry their burden on summary judgment by relying on their amended complaint or by making conclusory allegations. Rather, they must respond with affidavits

or other evidence as provided by Federal Rule of Civil Procedure 56.

## CONCLUSION

Defendant's motion to dismiss, dkt. no. 30, is **CONVERTED** into a motion for summary judgment.

**SO ORDERED**, this 8th day of January, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA