# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

GAYLE BAKER, et al.

    Plaintiffs,

    v.                                                     220-cv-03

MORTGAGE OF AMERICA LENDERS,
LLC, and TOWNECLUB
CONSTRUCTION, LLC,

    Defendants.

## ORDER

Before the Court is Defendant TowneClub Construction, LLC's ("TowneClub") motion to dismiss, dkt. no. 76. For the reasons below, the motion is **DENIED**.

## BACKGROUND

This case concerns alleged violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.* (the "CWA"), by Defendants Mortgage of America Lenders, LLC ("MA") and TowneClub in certain wetlands ("Subject Wetlands") located on Saint Simons Island, Georgia. See Dkt. No. 63.

Defendants are the owners of the construction project known as Captain's Cove Subdivision ("Captain's Cove"), a residential subdivision in Saint Simons Island, Georgia. Id. ¶ 2.

Specifically, MA owns the majority of the lots in Captain's Cove as well as the Subject Wetlands, while TowneClub owns Lots 1-4, 6, and 8-22 in Phase I, and 23-33 in Phase II.  See Dkt. 39-6 at 70. Plaintiffs are individuals who live or own property near Captain's Cove.  Dkt. No. 63 ¶ 9-14.

Plaintiffs allege Defendants MA and TowneClub did not comply with certain permits, granted by the United States Army Corps of Engineers, which gave Defendant MA permission to fill 0.442 acres of jurisdictional wetlands at Captain's Cove.  Id. ¶¶ 77, 84-99. In their second amended complaint, Plaintiffs bring three causes of action against Defendants.

In Count One, Plaintiffs allege that Defendants engaged in unauthorized discharge of dredge and fill material into Wetland C by removing vegetation and constructing storm water drainage structures without a permit, in violation of Sections 301(a) and 404 of the CWA.  See Dkt. No. 63 ¶¶ 100-06; 33 U.S.C. § 1311(a).

In Count Two, Plaintiffs allege that Defendants failed to implement and maintain best management practices for erosion and sediment control as required by the Georgia Environmental Protection Division ("EPD") General NPDES Permit No. GAR100003 ("NPDES permit"), in violation of 33 U.S.C. § 1311(a).  Dkt. No. 63 ¶¶ 107-16.

Finally, in Count Three, Plaintiffs allege that Defendants' filling of the Subject Wetlands was done in unauthorized locations, in violation Section 401 of the CWA.   See id. ¶¶ 117-22; 33 U.S.C. §§ 1311(a), 1341, 1365(a), 1365(f).

During the course of litigation, Plaintiff moved for leave to add TowneClub as a defendant. See Dkt. No. 58.   Plaintiffs explained, "[w]ithout TowneClub's cooperation, Mortgage of America cannot implement [Best Management Practices] on certain lots in Captain's Cove[ ] or otherwise comply with the [NPDES] permit." Id. at 6.  The Court granted Plaintiffs' motion, dkt. no. 60, and Plaintiffs filed their second amended complaint adding TowneClub as a defendant, dkt. no. 63.

In response, Defendant TowneClub filed the instant Motion to Dismiss, dkt. no. 76, and the issues have been fully briefed, dkt. nos. 81, 83.  The matter is now ripe for review.

## LEGAL STANDARD

### A. Subject-Matter Jurisdiction

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) "can be asserted on either facial or factual grounds."  Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009).  A "facial" challenge to subject-matter jurisdiction is based "solely on the allegations in the complaint. When considering such challenges, the court must, as

with a Rule 12(b)(6) motion, take the complaint's allegations as true." Id. By contrast, a "factual" challenge to jurisdiction relies on facts and circumstances existing outside of the complaint; in those circumstances, a court "may consider extrinsic evidence such as deposition testimony and affidavits." Id. In other words, "[b]ecause at issue in a factual [Rule] 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," without attaching any presumptive truthfulness to plaintiffs' allegations. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981)).

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In order to withstand a motion to dismiss under Federal Rule

of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

And while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions.  Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  The court need not "accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555.

## DISCUSSION

Defendant TowneClub argues Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), and, alternatively, because Plaintiffs do not state a claim upon which relief can be granted.  Dkt. No. 76.  The Court will address these arguments in turn.

**I. The Court has subject matter jurisdiction over TowneClub**

TowneClub first argues this Court lacks subject matter jurisdiction over it because it "had zero involvement with the development at the time the alleged violations occurred." Dkt. No. 76 at 9. TowneClub argues this fact defeats subject matter jurisdiction because the CWA does not allow suits against adjacent landowners who do not own the land where the violations occurred. Dkt. No. 83 at 2-3. TowneClub's argument misunderstands Plaintiffs' allegations.

To begin, TowneClub's argument is a facial challenge to subject matter jurisdiction, and as such "the Court must take the allegations of the complaint as true and must construe those allegations in the light most favorable to the plaintiff." Coward v. Forestar Realty, Inc., No: 4:15-cv-0245, 2016 WL 11187028, at *7 (N.D. Ga. Apr. 7, 2016) (citing Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1261 (11th Cir. 2012)). To have jurisdiction under the CWA, "the plaintiff must show that, when the suit was filed, there existed 'a state of either continuous or intermittent violation—that is, a reasonable likelihood that a past polluter will continue to pollute in the future.'" State of Ga. v. City of E. Ridge, Tenn., 949 F. Supp. 1571, 1579 (N.D. Ga. Nov. 20, 1996) (quoting Gwaltney v. Chesapeake Bay Found., 484 U.S. 49, 57 (1987)). "[A] good faith allegation of violations that continued

at the time suit was filed is sufficient for jurisdictional purposes." Atl. States Legal Found., Inc. v. Tyson Foods, 897 F.2d 1128, 1133 (11th Cir. 1990).

Looking at the second amended complaint,[1] it is clear Plaintiffs have made the necessary allegations to sustain their claims against TowneClub. And this is so even though TowneClub undisputedly did not commit the initial violations. See Dkt. No. 58 at 2-3. Plaintiffs allege in their second amended complaint that TowneClub is involved in *continuing* violations of the CWA with regard to 1) unauthorized discharge of dredge and fill material into Wetland "C" without a permit, in violation of CWA Sections 301(a) and 404, see dkt. no. 63 ¶¶ 100-06; 33 U.S.C. § 1311(a); 2) failures to implement and maintain best management practices for erosion and sediment control as required by NPDES Permit No. GAR 10003 and Glynn County Development Department Ordinances, id. ¶¶ 107-16; 33 U.S.C. § 1311(a), and 3) filling of the Subject Wetlands done in unauthorized locations, in violation of CWA Section 401, id. ¶¶ 117-22; 33 U.S.C. §§ 1311(a), 1341, 1365(a), 1365(f). Plaintiffs' allegations against TowneClub are

---

[1] While it is true the Court looks to when the suit was filed to determine subject matter jurisdiction, when an amended complaint is filed it "supersedes the former pleading," Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) quoting Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER, 463 F.3d 1210, 1215 (11th Cir.2006)), and as such "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction," id. (quoting Rockwell Int'l Corp. v. United States, 549 U.S. 457 (2007)).

enough, at this stage, to state a plausible claim for continuing violations of the CWA.

TowneClub's argument regarding the paucity of specific allegations against it, see dkt. no. 76 at 5-10, is unavailing. In their second amended complaint, Plaintiffs allege three key facts:

1) that the Subject Wetlands are affected by the land surrounding them, see, e.g., dkt. no. 63 ¶¶ 2-8, 93-99 (showing the effects the surrounding land has on the Subject Wetlands, and that the issues have, to Plaintiffs' knowledge, not been resolved),

2) that TowneClub owns land immediately surrounding the Subject Wetlands, see id. ¶¶ 19, 74-75, fig. 1 (showing the Subject Wetlands); see also dkt. no. 39-6 at 70 (showing TowneClub owns Lots 1-4, 6, 8-33); id. at 72 (showing Lots 30 and 31 border Wetland "A", Lots 1 and 2 border Wetland "B", and Lots 22-26 border Wetland "C"), and

3) that TowneClub had notice of its alleged CWA violations at least sixty days before being added as a defendant, dkt. no. 63 ¶¶ 27-30.

These facts, if true, show TowneClub's involvement in the continuing CWA violations and make subject matter jurisdiction over TowneClub proper in this case.

## II. Plaintiffs' Second Amended Complaint states a claim for relief.

TowneClub next argues that even if this Court has subject matter jurisdiction over it, Plaintiffs fail to state a claim upon which relief may be granted. TowneClub's argument here is the same: because it does not own the Subject Wetlands and the violations allegedly occurred before TowneClub purchased the property surrounding them, Plaintiffs have no claim against it. <u>See</u> Dkt. No. 83 at 2-3. This argument, however, misunderstands Plaintiffs' allegations. Plaintiffs allege *continuing* violations of the CWA occurring on property TowneClub owns which, as discussed <u>supra</u>, affects the adjacent Subject Wetlands so as to establish a claim for relief against TowneClub. <u>See, e.g.</u>, <u>City of Mountain Park, Ga. v. Lakeside at Ansley, LLC</u>, 560 F. Supp. 2d 1288, 1297 (N.D. Ga. 2008) (finding the continued presence of discharged fill material constitutes an "ongoing violation" (quoting <u>Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.</u>, 484 U.S. 49, 64 (1987))). As such, TowneClub's motion must be **DENIED**.

### CONCLUSION

For the above reasons, Defendant TowneClub's motion to dismiss, dkt. no. 76, is **DENIED**.

**SO ORDERED** this 30th day of June, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA